John J. Walsh, J.
In 1953, the defendant moved for the granting of a writ of error in the nature of corami nobis to vacate and set aside a judgment of conviction entered in the Oneida County Court on November 5, 1927 convicting him of burglary in the third degree and grand larceny in the second degree, and also to vacate and set aside a judgment of conviction entered in the Oneida County Court on October 24, 1931 convicting him of grand larceny in the second degree, second offense.
*897 The contention, advanced by the defendant was that he was not represented by counsel at any time during the prosecutions that resulted in the above-mentioned convictions; that at no time on either occasion was he advised by the court as to his right of counsel by the court to represent him at all stages of the proceedings; and that he did not waive counsel at any time on either occasion.
This application was denied by the court without a hearing based upon the entry in the court records that the defendant “ waived counsel”. This motion was denied on May 18, 1953 (121 N. Y. S. 2d 316) and this decision was affirmed by the Appellate Division, Fourth Department (283 App. Div. 687).
In 1958 as a result of the decision in the case of People v. Richetti (302 N. Y. 290), the defendant filed a new application based upon the 1927 conviction alone and a hearing was duly held on July 15,1958 before Hon. Ezra Hahagan, Oneida County Judge. The defendant was then assigned counsel and the hearing proceeded. During the hearing, defendant withdrew his contention that there was no order transferring the indictment in 1927 from Supreme Court to County Court. He relied upon his claim that he did not waive counsel intelligently, knowingly and competently, and upon the claim that section 480 of the Code of Criminal Procedure was not complied with by the court upon sentencing.
After hearing the defendant, the then District Attorney, Hon. Charles L. De Angelis and the Probation Officer, Mr. Stanley Roberts, the court concluded that defendant willingly and knowingly waived counsel in 1927; had not been induced to plead guilty by anything said by the District Attorney; but did conclude that.since the record of the court was silent on whether defendant had been queried as required by section 480 of the Code of Criminal Procedure, that this assertion would be treated as an application for resentence.
The court thereupon denied the writ of error coram nobis and resentenced the defendant nunc pro tunc to the same term originally pronounced in 1927 after complying with section 480 of the Code of Criminal Procedure. An order to this effect was entered on December 22,1958.
The orders entered July 15,1958 and December 22, 1958 were appealed to the Appellate Division, Fourth Department which affirmed both orders on May 12, 1960 (11 A D 2d 630). Upon appeal to the Court of Appeals, that court reversed the Appellate Division and remitted the proceedings to this court for a new hearing based upon defendant’s claim that his assigned *898 counsel at the hearing was not given sufficient time to familiarize himself with the matter (9 N Y 2d 690).
On remand to this court for a new hearing, Francis P. Finnegan, Esq., was assigned as counsel on May 23, 1961 and further proceedings were adjourned to May 26, 1961 to enable counsel to prepare the case. On May 26, 1961, a hearing was duly held and testimony taken from the defendant and further adjourned to June 2, at which time defendant further testified and the testimony of former District Attorney Charles L. De Angelis and retired Probation Officer Stanley Roberts. Both the defendant and the People were given opportunity to present any relevant testimony. Decision was reserved.
Defendant also presented on December 18, 1960 a new petition for a writ of error coram nobis relative to the 1931 conviction. This matter was held to await the Court of Appeals decision and when that decision was rendered, this court directed that the defendant be granted a hearing at the same time and place. Since the 1931 conviction involves different questions of law this memorandum is confined solely to the 1927 conviction. The 1931 conviction will be considered separately.
On the basis of the testimony adduced, I find no merit to defendant’s claim of error in the 1927 conviction.
On the new hearing, defendant confined his claimed error to two issues:
(1) That there was no intelligent waiver of his right to counsel.
(2) That section 480 of the Code of Criminal Procedure was not complied with and that the attempted action of former County Judge Hanagak to resentence him nunc pro tunc was a nullity because he had already served that sentence..
I find as a fact that defendant intelligently and consciously ‘ ‘ waived ” Ms right to counsel.
During cross-examination, defendant testified that he had made up Ms mind in the county jail to plead guilty before his arraignment and had told this to a Deputy Sheriff at the jail.
He further testified that before he was arraigned Mr. De Angelis told him in response to a question that if he pleaded gmlty, he was going to Elmira. Defendant then asked Mr. De Angelis “ How long” and Mr. De Angelis said ‘‘ approximately one year. ’ ’
He also testified that Mr. De Angelis read the indictment and that the presiding Judge, the late Honorable Frederick Hazard inquired of Mr. De Angelis whether defendant was represented by counsel and Mr. De Angelis turned to defendant and asked *899 whether he had counsel and defendant answered ‘ ‘ no. I want to plead guilty and go to Elmira.”
Defendant contends that he was not advised of his right to counsel; that he did not know he had a right to counsel; that he was not asked at his sentencing several days later whether he had any legal cause (Code Grim. Pro., § 480); that he was sentenced to Elmira.
Mr. De Angelis testified that he was present in court in 1927; that he personally read the indictment to defendant; that the late Judge Hazard asked if defendant had an attorney and that this was the Judge’s invariable custom and he (Mr. De Angelis) would have remembered if he had not done so; that he did have a conversation with defendant about the term of imprisonment and had replied that the “ average sentence to Elmira if a defendant behaved himself there was approximately one year.” Mr. Boberts, the Probation Officer, testified that he was present in court in 1927; that Judge Hazard asked defendant if he wanted counsel assigned; that he had been told by Judge Hazard when he first became a Probation Officer that if he (the Judge) ever failed to inquire about counsel, Mr. Boberts was to so advise him; that he was present when defendant was sentenced three or four days later and that Judge Hazard asked defendant if he had anything to say to the court, but that he did not recall defendant saying anything and that defendant was sentenced to Elmira Beformatory until discharged by law.
The Clerk’s minutes and the personal minute book of the late Judge Hazard contain the notation “waives counsel.”
In view not only of the documentary proof but also of the testimony of the former District Attorney and Probation Officer and particularly the testimony of the defendant himself, it is abundantly clear that defendant “waived” his constitutional right to counsel and pleaded guilty with the complete knowledge that he would be sentenced to Elmira Beformatory.
The instant case would appear to fall squarely within the holding of the Appellate Division, Fourth Department, in People v. Boland (13 A D 2d 891) even if the trial court itself failed to inquire about counsel and left that to the District Attorney.
Neither can I find as a fact that the plea of guilty was induced by any statement of the District Attorney even on the basis of defendant’s own testimony. The fact that defendant was kept at Elmira for the maximum five-year term, of which he complains, has no relation to the conviction but was the result of the defendant’s own behavior or the action of the prison authorities.
*900 The last contention of defendant presents a difficult question. Former Judge Hanagan found by his order entered December 22,1958, that defendant had sustained the burden in the absence of documentary proof to the contrary, that section 480 of the Code of Criminal Procedure had not been complied with and promptly vacated the original sentence; the Clerk of the court thereupon inquired whether defendant had any legal cause why the court should not impose sentence. In reply defendant’s assigned counsel interposed an objection to the conviction of the defendant and this objection was overruled and the court pronounced sentence as follows: ‘1 The sentence of the Court of the defendant as of November 5th, 1927 on the Burglary third degree count is that the defendant be sentenced to the New York State Reformatory at Elmira until discharged by law; and the Court will suspend the passing of sentence on the Grand Larceny second degree count; and will direct that the defendant be given all jail, reformatory or prison time served pursuant to the original sentence which has this day been vacated.”
Defendant now contends that since the order of the court was vacated on appeal and a new hearing ordered, that the remand carries with it the resentence and this court is now required to again vacate the sentence; comply with section 480 of the Code of Criminal Procedure; give defendant an opportunity to withdraw his plea of guilty or resentence defendant.
To protect defendant’s right to raise this specific question on appeal, this court will find, as it did in 1958, that it is not satisfied from the evidence that there was a compliance with section 480 of the Code of Criminal Procedure but does hold that the action of this court taken on July 15, 1958 and evidenced by an order to that effect entered December 22, 1958 complied with the provisions of section 480 of the Code of Criminal Procedure, and that defendant was properly resentenced at that time and that there is presently nothing before this court which requires correction. The application is denied and the petition is dismissed.